UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CLAUDIA ROBINSON,                              :

               Plaintiff,           :        05 Civ. 8182   (PAC)

  - against -                                   :        <u>OPINION AND ORDER</u>

VIRGIN ATLANTIC AIRWAYS, LTD.,                 :

               Defendant.           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

Before the Court is a motion for summary judgment by Defendant Virgin Atlantic Airways, Ltd. ("Virgin Atlantic") pursuant to Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 56. Plaintiff Claudia Robinson ("Robinson") filed this diversity action on September 22, 2005 seeking money damages for personal injuries, pain, and suffering sustained when a cup of hot tea spilled on her lap during a Virgin Atlantic flight. Virgin Atlantic moves to dismiss the action as time-barred under the Warsaw Convention; in addition, Virgin Atlantic argues that the Warsaw Convention preempts Robinson's state-law personal injury claim.

**STATEMENT OF FACTS**[1]

In accordance with Rule 56.1 of the Local Rules of the United States District Courts for the Southern District of New York, Virgin Atlantic submitted a statement of undisputed facts. Robinson also submitted a statement of undisputed facts, which contained

---

[1] The source of these facts is Plaintiff's Statement Pursuant to Local Civil Rule 56.1(b) of the Material Undisputed Facts.

other and additional statements from that of Virgin Atlantic. For purposes of this motion Virgin Atlantic assumes Robinson's statements to be true (Def.'s Br. 3, n2).

On September 27, 2002, Robinson was a passenger on a Virgin Atlantic flight from London, England to Newark, New Jersey. During the flight, the airplane experienced turbulence. As a result of the turbulence, the hot tea Robinson was given by the aircraft personnel slid off her tray table and spilled into her lap. The pilot and crew did not warn Robinson at any time about the upcoming turbulence. After the hot tea spilled on Robinson's lap, the crew provided her with gauze, Tylenol and water to treat her burns. Robinson, however, was wearing tight jeans and was unable to apply the gauze. The crew did not offer Robinson a gown or scrubs to allow application of the gauze or to treat her burns. When the plane landed, Robinson had to wait until all the other passengers disembarked before she was wheeled off the aircraft and given proper medical care.

## DISCUSSION

### I. Summary Judgment Standard

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment should only be granted if "the nonmoving party 'has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof'." Berger v. United States, 87 F.3d 60, 65 (2d Cir. 1996) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

In determining a motion for summary judgment, the Court must review the record evidence and draw all reasonable inferences in favor of the nonmoving party and it may not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149 (2000) (citation omitted). Summary judgment should not be granted where issues of fact are genuine and "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## II. Preemption Under the Warsaw Convention

The Warsaw Convention is a treaty governing international transportation by air. See Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, Oct. 12, 1929, 49 Stat. 3000, 137 L.N.T.S. 11 (entered into force in the United States in 1934), reprinted in the note following 49 U.S.C. § 40105 (2006). Article 17 of the Convention addresses claims for personal injury and states as follows:

> [A] carrier is liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

49 U.S.C. § 40105 note. According to Virgin, all of the conditions necessary for the action to fall within the scope of Article 17 are met: the spillage constituted an "accident," the alleged burns constituted "bodily injury," and the accident occurred while Robinson was on board the aircraft (Def.'s Br. 5-6). An "accident" for purposes of liability under Article 17 of the Convention "arises only if a passenger's injury is caused by an unexpected or unusual event or happening that is external to the passenger." Air France v. Saks, 470 U.S. 392, 405 (1985). Robinson claims that the incident giving rise to her action does not constitute an "accident"

3

because the routine turbulence that caused the claimed injuries was not unusual or unexpected and the treatment of burns is, as well, not unusual or unanticipated (Pl.'s Br. 4 ). Robinson, thus, concludes that since the incident was not an accident, the Warsaw Convention does not govern her claim and her state-law negligence claim is thus cognizable under diversity jurisdiction (Pl.'s Br. 5).

United States Supreme Court precedent, however, makes it crystal clear that the Warsaw Convention preempts any alternate ground for bringing a personal injury claim. In El Al Israel Airlines, Ltd., v. Tseng, the Supreme Court held as follows: "the Warsaw Convention precludes a passenger from maintaining an action for personal injury damages under local law when her claim does not satisfy the conditions for liability under the Convention." 525 U.S. 155, 176 (1999). The Court provided a detailed explanation for the preclusive effect of the Convention. Id. at 172-76.

The Second Circuit and the Courts in this District have noted and applied the Tseng holding in numerous cases. Magan v. Lufthansa German Airlines, 339 F.3d 158, 161 (2d Cir. 2003) ("A passenger whose injuries fall within the scope of the Warsaw Convention is either entitled to recovery under the Convention or not at all." (citing Tseng, 525 U.S. at 161)); King v. American Airlines, Inc., 284 F.3d 352, 362 (2d Cir. 2002) (affirming dismissal of action as time-barred and holding, as well, that Tseng preempted plaintiffs' discrimination claim); Wallace v. Korean Air, 98 Civ. 1039, 1999 U.S. Dist. LEXIS 4312, at *17 (S.D.N.Y. Apr. 6, 1999) (dismissing action), vac'd and remanded on other grounds, 214 F.3d 293, 296 n.2 (2d Cir. 2000) (noting that plaintiff asserted a common law claim for negligence, which the district court dismissed relying on Tseng); see also Commercial Union Insur. Co. v. Alitalia Airlines, S.P.A.,

4

347 F.3d 448, 457 (2d Cir. 2003) (case involving damaged cargo; in dicta, noting that "where applicable" the terms of the Warsaw Convention provide the exclusive basis for recovery).

"Article 17's 'substantive scope' extends to all 'passenger injuries occurring on board the aircraft or in the course of any of the operations of embarking and disembarking' – even if the claim is not actionable under the treaty." King, 284 F.3d at 359 (citing Tseng, 525 U.S. at 172) (internal quotation marks omitted); see also id. at 361 ("[T]he scope of the Convention is not dependent on the legal theory pled nor on the nature of the harm suffered."). The cases on which Robinson relies, Walker v. Eastern Air Lines, Inc., 785 F. Supp. 1168, 1174 (S.D.N.Y. 1992) (permitting plaintiff to maintain a state-law negligence action), and Tandon v. United Air Lines, 926 F. Supp. 366, 370 (S.D.N.Y. 1996) (holding that convention did not preempt plaintiff's state law claims), to the extent that they held that the Warsaw Convention does not preempt state law claims, have been overruled by the Tseng decision.

Accordingly, Robinson cannot maintain a state law negligence claim under a theory that the incident did not constitute an "accident".

## III.  Time Bar Under the Warsaw Convention

Article 29 of the Convention provides that "[t]he right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination." 49 U.S.C. § 40105 note (Article 29(1)). The claimed incident occurred on September 27, 2002 and Robinson commenced the lawsuit on September 22, 2005, nearly three years after. Thus, an alternate ground for dismissal of the case is that the claim is time-barred. See Bousso v. Iberia Lineas Aereas, 96 Civ. 9094, 1998 U.S. Dist. LEXIS 3939, at **6-7 (S.D.N.Y. Mar. 27, 1998) (rejecting plaintiff's claim that fracturing tooth during meal did not

5

constitute an "accident" and dismissing claim as time-barred under the Convention); Fishman v. Delta Air Lines, Inc., 938 F. Supp. 228, 230, 232 (S.D.N.Y. 1996) (rejecting plaintiff's claim that child being scalded with hot water was not an "accident" and dismissing claim as time-barred under the Convention). Thus, were the Court to deem the claimed incident giving rise to the instant suit an "accident," Robinson cannot maintain this action under the Warsaw Convention for failure to comply with its statute of limitations.

For the foregoing reasons, it is hereby ORDERED that

Defendants' motion for summary judgment is GRANTED in its entirety. This action is hereby DISMISSED and the Clerk of the Court is directed to close out the case.

SO ORDERED

*(signature)*

PAUL A. CROTTY
United States District Judge

Dated: New York, New York
January 27, 2006

6